FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
2/22/2022 2:00 PM
JAMIE SMITH
DISTRICT CLERK
B-209355

CAUSE NO: _____

| | | |
|---|---|---|
| **CHRISTOPHER OWENS**<br>**Plaintiff,** | §<br>§<br>§ | **IN THE DISTRICT COURT OF** |
| **VS.** | §<br>§<br>§ | **JEFFERSON COUNTY, TEXAS** |
| **EXXON MOBIL CORPORATION**<br>**Defendant.** | §<br>§ | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff CHRISTOPHER OWENS ("Owens") brings this suit against Defendant EXXON MOBIL CORPORATION ("ExxonMobil").

### I.  DISCOVERY CONTROL PLAN

1. Plaintiff anticipates discovery will be conducted pursuant to the Level 3 Discovery Control Plan of T.R.C.P. 190.4 because this is an unlawful discrimination in employment case involving complex issues. Plaintiff moves the Court to enter a Level 3 Discovery Control Plan mutually agreed upon and submitted by the parties, or, if such a mutually agreed plan is not filed within 60 days of the answer filed by the Defendant named in this original petition, entry of a discovery control plan of the Court's own design.

### II.  RULE 47 STATEMENT OF JURISDICTION, RELIEF CLAIMED AND MONETARY DAMAGES

2. This is a claim based on Defendant's unlawful discrimination arising from Defendant's violations of the Americans with Disabilities Act ("ADA"), Texas Commission on Human Rights Act ("TCHRA"), Title VII, 42 U.S.C.§ 1981, and the Family and Medical Leave Act ("FMLA"). This Court has jurisdiction under the ADA, TCHRA, Title VII, 42 U.S.C.§ 1981, and FMLA. The damages sought in this case are within the jurisdictional limits of this Court.

3. Plaintiff recognizes that only the jury or judge who decides the case determines the appropriate damages in this or any other case. Plaintiff has retained lawyers for representation in



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 30, 2022
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

this case. Plaintiff's legal counsel allege that Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

4. More specifically, Plaintiff seeks economic damages caused by Defendant's violations of the ADA, TCHRA, Title VII, 42 U.S.C.§ 1981, and FMLA. Plaintiff seeks actual damages suffered as a consequence of Defendant's violations. Plaintiff seeks damages for back pay, front pay, compensatory damages in the past and future, and additional or exemplary damages. Plaintiff seeks equitable relief, including but not limited to reinstatement.

5. Plaintiff seeks prejudgment and post-judgment interest, court costs, attorney's fees, and all other relief to which Plaintiff is entitled at law or in equity.

### III. PARTIES

6. Plaintiff, Christopher Owens, is an individual resident of Jefferson County, Texas. The last three digits of the driver's license number of Christopher Owens are 042. The last three digits of the social security number for Christopher Owens are 110.

7. Defendant, Exxon Mobil Corporation, is a New Jersey corporation with its principal executive office at 5959 Las Colinas Boulevard, Irving, Texas 75039-2298, doing business Jefferson County, Texas. Defendant may be served with Plaintiff's Original Petition by serving its registered agent for service: Corporation Service Company d/b/a CSC-Lawyers INCO, 211 E. 7th Street, Suite 620, Austin, TX 78701.

### IV. JURISDICTION

8. Jurisdiction is proper in this Court because the amount in controversy exceeds the minimum jurisdictional limits for the court. Pursuant to 29 U.S.C. § 2617(a)(2), jurisdiction is proper in this Texas state court under the FMLA. Claims under the federal anti-discrimination statutes typically may be brought in either state or federal court. See *Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820, 821 (1990) (state courts have concurrent jurisdiction over cases brought

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 30, 2022
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

2

under Title VII of Civil Rights Act of 1964). Pursuant to 42 U.S.C. § 12117, which utilizes Title VII's jurisdiction procedures (42 U.S.C. § 2000e-5(f)(3)), jurisdiction is proper in this Court under the ADA

### V.  VENUE

9.  Venue is proper in Jefferson County pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to the claim occurred in Jefferson County, Texas.

### VI.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

10.  Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit A.

### VII.  FACTS

11.  Owens began working for ExxonMobil in April of 2017 as a warehouse operator at its Beaumont Blending and Packaging Plant in Jefferson County, Texas. At the time he was hired, Owens let ExxonMobil know he was a disabled veteran suffering from disabilities related to injuries he sustained while serving in the United States Air Force.

12.  In November 2019, Owens began experiencing severe pain in his neck and left shoulder. The pain was partly related to his existing disabilities. Owens operated a forklift regularly as part of his job duties. Operating the forklift required Owens to continuously stretch his neck and turn his head. The turning and stretching of his neck and head caused Owens excruciating pain. The pain became so severe that it affected many aspects of Owens' daily personal and work life.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 30, 2022
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

13. Owens immediately notified his supervisors of his physical condition and sought medical care to treat the pain. Owens contacted the VA Medical Clinic in Houston, Texas and the VA Outpatient Center in Beaumont, Texas for help treating his condition.

14. Owens requested ExxonMobil provide him the accommodation of leave in order to treat his disability. This accommodation is provided to other employees. In fact, other employees had been allowed to remain off of work indefinitely in order to receive treatment and were allowed to come back to their previous positions. Owens went on leave on December 6, 2019. Owens made ExxonMobil aware of the reason for leave, and ExxonMobil's Medicine and Occupational Health department communicated with Owens periodically regarding the injury and leave.

15. On February 7, 2020, ExxonMobil's Human Resources department acknowledged that it was aware that Owens was absent from work due to a serious health condition that impeded him from being able to perform the essential functions of his job.

16. Owens met with ExxonMobil's doctor on March 19, 2020. The doctor reviewed Owens' medical records and indicated that Owens would be able to take leave to treat the disability. Owens' doctor scheduled surgery for March of 2020. ExxonMobil was aware of the surgery. However, the surgery could not move forward due to COVID restrictions, as the medical facilities were unavailable for the surgery due to the COVID pandemic. In March of 2020, the country was on a lockdown due to the COVID outbreak. Hospitals were beginning to be overcrowded with COVID infected patients, and medical facilities suspended many types of surgeries in order to treat the influx of COVID patients.

17. Also in March of 2020, business throughout the country, and certainly in Jefferson County, Texas, enacted various levels of lockdowns. Many employers, including ExxonMobil, required staff to work from home if able, and if not, their jobs were suspended. ExxonMobil

4



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 30, 2022
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

reduced its onsite staff numbers due to the COVID pandemic. In March and April of 2020, even if Owens were cleared to return to work, he would not have been able to because his job had been restricted due to COVID. ExxonMobil counted against Owens' FMLA leave time the days Owens' would not been able to work due to job closures.

18.     Owens supplied ExxonMobil records evidencing his disability and the need for leave to treat it. ExxonMobil acknowledged Owens had a disability. However, ExxonMobil would not accept the medical documentation provided by Owens as proof of the need for an accommodation.

19.     On May 15, 2020, Owens advised ExxonMobil of his upcoming pre-operation visit for May 20, 2020. Shortly thereafter, Owens received a letter from ExxonMobil dated May 14, 2020, notifying him that he was terminated. Shortly after his termination, Owens received the surgery to treat his back and neck injury.

20.     At the time of termination, Owens had been requesting leave in order to accommodate his disability. Owens had been providing ExxonMobil documentation to support his need for an accommodation. ExxonMobil knew of his disability, knew that it could be accommodated with surgery, knew that Owens had scheduled surgery, yet when it came time for Owens to get the surgery, ExxonMobil terminated his employment.

21.     While Owens was on leave, ExxonMobil failed to notify him of his FMLA rights. Owens received conflicting information as to the amount of leave he had. He was not provided notice of the days he had remaining. Owens complained to ExxonMobil that his FMLA time was not being applied correctly. Shortly before ExxonMobil terminated Owens, ExxonMobil notified Owens that his FMLA leave time was extended. However, ExxonMobil still terminated his employment prior to the FMLA leave being exhausted.

5


I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 30, 2022
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

22. Owens filed a charge of discrimination with the EEOC on May 27, 2020 alleging discrimination based upon his disability and the failure of ExxonMobil to accommodate his injury.

23. Owens is an African American male. Through his employment at ExxonMobil, he had witnessed and been told of non-African American employees being given regular extended leaves to treat injuries and other physical conditions. Other non-African American employees were allowed to have their FMLA extended, and if they FMLA expired, were still allowed to return to their positions with ExxonMobil. ExxonMobil applied its leave policies differently for non-African American employees than ExxonMobil did for Owens.

24. Owens amended his Charge on October 12, 2020, to include complaints of ExxonMobil's violations of the ADA, FMLA, racial discrimination, and retaliation against him for asserting his rights under the ADA and FMLA.

## VIII.  CAUSE OF ACTION

### Count One
### Disability discrimination in violation of the ADA and TCHRA

25. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-24.

26. Title I of the Americans with Disabilities Act of 1990 and the TCHRA prohibit discrimination against a qualified person with a disability because of their disability. The law affirmatively requires the employer to make reasonable accommodations to enable the employee to do the essential functions of the job. 42 U.S.C. § 12112(b)(5) & Tex. Lab. Code § 21.051.

27. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA and TCHRA. Plaintiff's disabilities created impairments that substantially limited his ability to perform major life activities. Plaintiff made Defendant aware of his impairments and made multiple requests to Defendant for reasonable accommodations.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 30, 2022
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

6

Leave is considered a reasonable accommodation. Defendant had allowed other employees to take longer leaves than Plaintiff's as a reasonable accommodation. Defendant failed to provide a reasonable accommodation which resulted in harm to the Plaintiff.

28. Defendant is prohibited under the ADA and TCHRA from discriminating against Plaintiff because of his disability with regard to disparate and discriminatory treatment in his employment based upon his disability, as compared to similarly situated non-disabled employees.

29. Defendant's method of administration of its procedures and practices, as well as its standards and criteria, resulted in Defendant's refusal to allow Plaintiff to utilize procedures and practices available to other non-disabled employees. Defendant provided indefinite leave as reasonable accommodation for other employees and allowed them to return to their positions. Plaintiff's leave was not indefinite, and Defendant acknowledged Plaintiff's leave was to treat Plaintiff's disability, allowing him to perform the essential functions of his job.

30. In general, an employer may only require a medical examination and/or inquiry of a current employee if the inquiry or examination is job-related and consistent with business necessity. See 42 U.S.C. § 12112(d)(4). Defendant's requirements for medical proof and inquiries into Plaintiff's medical history were not consistent to a business necessity and were a violation of Plaintiff's privacy, resulting in harassment to Plaintiff.

31. Defendant's violations of the ADA and TCHRA resulted in harassment, denial of reasonable accommodations, and wrongful discharge of Plaintiff's employment.

32. Plaintiff has been damaged by Defendant's illegal conduct. Defendant's discriminatory conduct, in violation of the ADA and TCHRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

7



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 30, 2022
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

33. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's rights, thereby entitling him to punitive damages.

## Count Two
### Retaliation in violation of the ADA and TCHRA

34. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-24.

35. At all times relevant to this action, Plaintiff was a qualified employee with a disability under the ADA and TCHRA.

36. Plaintiff engaged in protected activity under the ADA and TCHRA on at least one occasion while employed by Defendant. Defendant interfered with and retaliated against Plaintiff's exercise of his rights under the ADA and TCHRA.

37. Defendant intentionally retaliated against Plaintiff and terminated his employment in close temporal proximity to his protected activity associated therewith.

38. Defendant's conduct violates the ADA and TCHRA.

39. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA and TCHRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

40. Defendant's unlawful conduct in violation of the ADA and TCHRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 30, 2022
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

8

## Count Three
### Racial discrimination in violation of Title VII, TCHRA and 42 U.S.C.§ 1981

41. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-24.

42. Plaintiff brings distinct claims for violations of Title VII, TCHRA, and 42 U.S.C. § 1981 for racial discrimination. Claims under both Title VII and 42 U.S.C. § 1981 may be maintained under both statutes because the remedies are "separate, distinct and independent." *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 455, 128 S. Ct. 1951, 1960, 170 L. Ed. 2d 864 (2008).

43. Plaintiff is an African American employee protected under Title VII, 42 U.S.C. §2000e(f), TCHRA, and 42 U.S.C. § 1981.

44. Defendant is an employer within the meaning of Title VII, 42 U.S.C. §2000e(b), Tex. Lab. Code § 21.002(8), and 42 U.S.C. § 1981.

45. At all relevant times, Plaintiff was in a contractual relationship with defendant within the meaning of 42 U.S.C. § 1981. An employee subject to at-will termination under Texas law nevertheless has an implied "contract" with their employer that unlawful racial discrimination will not be allowed that meets the § 1981 requirements to maintain an action against an employer for its breach. *Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc.*, 160 F.3d 1048, 1050 (5th Cir. 1998).

46. Defendant intentionally discriminated against Plaintiff because of his race in violation of Title VII, 42 U.S.C. §2000e-2, Tex. Lab. Code § 21.051, and 42 U.S.C. § 1981 by racially harassing, denying employment opportunities, applying different standards for leave to non-African American employees than it did Plaintiff, treating Plaintiff differently than employees of other races, and ultimately terminating Plaintiff based on his race.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 30, 2022
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

47. Defendant's intentional discrimination resulted in an adverse employment action against Plaintiff. As a direct and proximate result of Defendant's unlawful conduct in violation of Title VII, TCHRA, and 42 U.S.C. § 1981, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

48. Defendant's unlawful conduct in violation of Title VII, TCHRA, and 42 U.S.C. § 1981 was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count Four
### Violation of FMLA, interference with FMLA rights, and retaliation in violation of the FMLA

49. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-24.

50. Plaintiff was an "eligible employee," as that term is defined in 29 U.S.C. § 2611(2)(A). He was employed by Defendant for at least 12 months and had worked at least 1,250 hours during the 12-month period preceding his request for leave.

51. Defendant was a "covered employer," as that term is defined in 29 U.S.C. § 2611 (4)(A)(I).

### Denial of Substantive FMLA Rights

52. Defendant had adequate notice of the fact that Plaintiff needed to take FMLA-protected leave, and of the particular reason why he needed to take FMLA-protected leave.

53. Defendant placed Plaintiff on FMLA-protected leave due to his own health condition.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 30, 2022
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

10

54. Defendant acquired knowledge that Plaintiff's leave was for a FMLA-qualifying reason (i.e., his own serious health condition).

55. At no point was Plaintiff specifically informed of his eligibility under 29 C.F.R. § 825.110(a). Defendant also failed to provide Plaintiff with a written notice detailing the specific expectations and obligations of the employee while on leave, as required by 29 C.F.R. § 825.300(c)(1). Specifically, Defendant failed to notify Plaintiff of:

   a. the applicable 12-month period for his FMLA entitlement, as required by 29 C.F.R. 825.300(c)(1)(I);

   b. his right to substitute paid leave, as required by 29 C.F.R. 825.300(c)(1)(iii);

   c. his entitlement to take unpaid FMLA leave if he did not meet the conditions for substituting paid leave, as required by 29 C.F.R. 825.300(c)(1)(iii);

   d. the consequences of his failure to make premium payments to maintain health benefits (i.e., the circumstances under which coverage may lapse), as required by 29 C.F.R. 825.300(c)(1)(iv);

   e. his status as a "key employee," and the possibility that restoration may be denied following FMLA leave, explaining the conditions required for such denial, as required by 29 C.F.R. 825.300(c)(1)(v);

   f. his right to maintenance of benefits during his FMLA leave, as required by 29 C.F.R. 825.300(c)(1)(vi);

   g. right to be restored to the same or an equivalent position upon his return from FMLA leave, as required by 29 C.F.R. 825.300(c)(1)(vi);

   h. his potential liability for payment of health insurance premiums paid by the employer during his unpaid FMLA leave if he failed to return to work after taking FMLA leave, as required by 29 C.F.R. 825.300(c)(1)(vii);

   i. Any requirement for a fitness-for duty certification 29 C.F.R. 825.300(d)(3); and

   j. Amount of leave counted against Plaintiff's FMLA leave entitlement. 29 C.F.R. 825.300(d)(5).

56. Defendant interfered with Plaintiff's right under the FMLA to take 12 weeks of unpaid leave per year for a qualifying reason (29 U.S.C. § 2612), as well as his right to be reinstated to the same or an equivalent position after taking protected leave (29 U.S.C. § 2614). Defendant



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 30, 2022
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

11

failed to provide Plaintiff with accurate calculations of available FMLA leave. Defendant unlawfully applied days its activities had ceased against Plaintiff's FMLA leave entitlement.

57. Defendant's violation of the FMLA was willful or in reckless disregard of Plaintiff's statutory rights. The violation was not in good faith, and Defendant had no reasonable grounds to believe that it was not violating the FMLA.

58. Defendant had adequate notice of the fact that Plaintiff needed to take FMLA-protected leave, and of the reason why he needed to take FMLA-protected leave. Although Defendant had adequate notice of Plaintiff's need for FMLA leave, Defendant terminated Plaintiff while using his FMLA leave, and Defendant did not intend to restore Plaintiff to his same or equivalent position.

59. Defendant actively and continuously refused to provide Plaintiff with clear or accurate information, or to provide Plaintiff with information regarding his rights and obligations under the FMLA.

60. Defendant interfered with Plaintiff's FMLA rights by terminating him in retaliation for his exercise or attempted exercise of FMLA-protected rights.

61. Defendant's violation of the FMLA was willful or in reckless disregard of Plaintiff's statutory rights. The violation was not in good faith, and Defendant had no reasonable grounds to believe that it was not violating the FMLA.

### IX. DAMAGES UNDER ADA, TCHRA, TITLE VII, 42 U.S.C. § 1981, AND FMLA

62. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages and losses entitling him to the following remedies:

    a. Back pay, including that amount of wages and employment benefits Plaintiff would have earned if he had not been subjected to Defendant employer's unlawful conduct less any wages, unemployment compensation benefits, or worker's compensation benefits he received in the interim. ("Employment benefits" include sick leave pay, vacation pay, profit sharing benefits, stock



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 30, 2022
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

12

      options, pension fund benefits, housing or transportation subsidies, bonuses, monetary loses incurred as a result of loss of health, life, dental, or similar insurance coverage.);

    b.    Reinstatement;

    c.    Front pay,

    d.    Compensatory damages in the past, which include emotional pain and suffering, inconvenience, mental anguish, expenses incurred in seeking other employment, and loss of enjoyment of life; and

    e.    Compensatory damages in the future, which include economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

63.    Plaintiff is entitled to an award of attorney fees (including expert fees) and costs under 42 U.S.C. § 12205, 29 U.S.C. § 2617(a)(3) and/or Tex. Labor Code Ann.§ 21.259.

64.    In addition to the previously alleged damages (which Plaintiff alternatively seeks) Plaintiff seeks exemplary damages for Defendant's malicious actions, clearly arising from ill will, reckless indifference, spite, evil motive and/or with a purpose to injure Plaintiff.

## X.    PRESERVATION OF EVIDENCE

65.    Plaintiff hereby requests and demands that Defendant preserve and maintain all evidence pertaining to any claim or defense to the incident made the basis of this lawsuit, or the damages resulting therefrom, including photographs; videotapes; audiotapes; recordings; business records; memoranda; files; facsimiles; email; voice mail; text messages; tax records; personnel files; payroll records; calendar entries; diary entries; any incident reports; and any electronic image, data or information related to the claims made in this petition. Failure to maintain such items will constitute a "spoliation" of the evidence.

## XI.    193.7 NOTICE

66.    Pursuant to Texas Rule of Civil Procedure 193.7, Defendant is hereby put on actual notice that any documents produced in response to written discovery will be used in pretrial proceedings



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 30, 2022
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

13

and at trial and will be deemed authentic unless they make valid objections to authenticity pursuant to this rule.

### XII. MISNOMER/ALTER EGO

67. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### XIII. SELF-AUTHENTICATION

68. This is given as notice to the Defendant that the Plaintiff intends to use all of Defendant's discovery responses as evidence at trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7.

### XIV. RIGHT TO AMEND

Furthermore, because of the complex nature of the accident, including the implication of multiple parties, some of which may be unknown to Plaintiff, and because without first conducting some discovery in this suit, Plaintiff cannot discover the identities of additional, responsible parties and/or additional witnesses, or reasonably discover information that will form the basis for additional, appropriate claims and causes of action that may properly be asserted in this suit, Plaintiff reserves the right to amend his pleadings to join and/or omit parties as appropriate and to assert additional or different claims, allegations, causes of action, the grounds for recovery in accordance with the Texas Rules of Civil Procedure and Texas law.

### XV. JURY DEMAND

69. Plaintiff requests a trial by jury.

### XVI. PRAYER

For these reasons, Plaintiff asks for judgment against Defendant for the following:



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 30, 2022
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

14

a. Reinstatement to his prior job and position;

b. Back pay and front pay, including all employment benefits;

c. Compensatory damages in the past, including emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

d. Compensatory damages in the future, including economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

e. Exemplary damages;

f. Attorney fees and courts costs; and

g. All other relief the Court deems appropriate, at law and in equity.

BRADLEY LAW FIRM
3124 Nall
Port Neches, Texas 77651
(409) 724-6644
(409) 724-7585 (facsimile)


By: /s/Stephen L. Townsend
STEPHEN L. TOWNSEND
State Bar No. 24071539
stownsend@bradlaw.net


WELLS PEYTON PARTAIN BALDO & LIGHTY, LLP
550 Fannin Suite 600
Beaumont, Texas 77701
409-838-2644
409-838-0416 (facsimile)


By: /s/Bruce M. Partain
BRUCE M. PARTAIN
Attorney at Law
Texas Bar No. 15548400
bpartain@wellspeyton.com

ATTORNEYS FOR PLAINTIFF

15



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 30, 2022
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Christopher D. Owens<br>3280 Blossom Dr.<br>Beaumont, TX 77705 | From: | Houston District Office<br>Mickey Leland Building<br>1919 Smith Street, 7th Floor<br>Houston, TX 77002 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 460-2020-03335 | Gerard Ladera,<br>Investigator | (346) 327-7656 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

For  December 1, 2021

Enclosures(s)

Rayford O. Irvin,
District Director

(Date Issued)

cc:
Blake Berend, Human Resources Manager
EXXONMOBIL
1795 Burt
Beaumont, TX 77701

Eva Shih
EXXONMOBIL
22700 Springwoods Village Pkwy,
Nature 1, N1.A 493
Spring, TX 77388

Lowell Keig, Executive Director
TWC / Civil Rights Division
101 E. 15th Street, Room 144-T
Austin, TX 78778

Bruce Partain
WELLS, PEYTON, GREENBERG & HUNT, LLP
550 Fannin Ste. 600
Beaumont, TX 77701

Witness my Hand and Seal of Office
March 30, 2022

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Exhibit

A

Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

March 30, 2022

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

"Regarded as" coverage:

- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 30, 2022
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Charisse Short on behalf of Stephen Townsend
Bar No. 24071539
cshort@bradlaw.net
Envelope ID: 61969451
Status as of 2/22/2022 2:10 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Stephen Townsend | | stownsend@bradlaw.net | 2/22/2022 2:00:47 PM | SENT |
| Charisse Short | | cshort@bradlaw.net | 2/22/2022 2:00:47 PM | SENT |
| Bruce Manuel Partain | 15548400 | bpartain@wellspeyton.com | 2/22/2022 2:00:47 PM | SENT |

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

March 30, 2022

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

**March 30, 2022**

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

*Jamie Smith*

ertified Document Number: 2418419 Total Pages: 19

accordance with Texas Government Code 51.301 electronically transmitted authenticated documents e valid. If there is a question regarding the validity of this document and or seal please e-mail strictclerk@co.jefferson.tx.us